UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| **CARGILL, INC.,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**SIDNEY HOWELL, D/B/A, SIDNEY HOWELL FARMS,** )<br>)<br>Respondent. ) | No. 5:11CV-80-R |

**PETITION AND APPLICATION FOR CONFIRMATION OF ARBITRATION AWARD**

Petitioner, Cargill Inc. ("Cargill"), pursuant to 9 U.S.C. § 9 and Ky. Code Ann. § 417.150, hereby files this Petition and Application for Confirmation of Arbitration Award seeking to confirm the arbitration award which Cargill and Sidney Howell d/b/a Sidney Howell Farms ("Howell") which became final on May 13, 2010. As grounds for this action, Cargill states as follows:

**THE PARTIES**

1.  Petitioner, Cargill, a member of the National Grain Feed Association ("NGFA"), is a Minnesota Corporation, with its principal place of business located in Minneapolis, Minnesota. Cargill is authorized to do business in Kentucky and maintains an office in Hickman, Kentucky.

2.  Respondent, Sidney Howell, is an individual citizen of Kentucky doing business as Sidney Howell Farms with his last known address in Clinton, Kentucky.

**JURISDICTION & VENUE**

3.  This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000.

4.  Venue is appropriate pursuant to 28 U.S.C. § 1391(a)(2).

5.  Further, NGFA Arbitration Rule 10(d) provides in part "[p]arties subject to these rules shall be deemed to have consented to confirmation and enforcement of arbitration awards in any federal or state court having jurisdiction thereof."

**FACTS**

6.  On or about August 25, 2009, Cargill initiated a NGFA Arbitration captioned <u>Cargill Inc., Minneapolis, Minn. v. Sidney Howell d/b/a Sidney Howell Farms, Clinton, Ky.</u>; Case Number 2472 (the "Arbitration") against Howell by filing an arbitration demand, attached hereto as **EXHIBIT 1**, and executing a contract for arbitration, attached hereto as **EXHIBIT 2**.

7.  The arbitration was to resolve a dispute between Cargill and Howell that arose out of Howell's failure to perform on contracts with Cargill, which had delivery points in Hickman, Kentucky.

8.  Cargill and Howell were required to arbitrate their dispute pursuant to their contract(s), an examplar of which is attached hereto as **EXHIBIT 3**, which contained the following arbitration provision:

> 1. NGFA Trade and Arbitration Rules.  Unless otherwise provided herein, this Contract shall be subject to the Trade Rules of the National Grain and Feed Association (NGFA), which Trade Rules are incorporated herein by reference. The parties agree that the sole forum for resolution of all disagreements or disputes between the parties arising under this Contract or relating to the formation of this Contract shall be arbitration proceedings before NGFA pursuant to NGFA Arbitration Rules.  The decision and award determined by such arbitration shall be final and binding upon both parties and judgment upon the award may be entered in any court having jurisdiction thereof.  Copies of the

>NGFA Trade and Arbitration Rules are available from Buyer upon request and are available at www.ngfa.org.

See **EXHIBIT 3**.

>9.   Further, Section 3 of the NGFA Arbitration Rules provides, in relevant part:

>The National Grain and Feed Association (NGFA) may properly consider a case involving a dispute between or among any of the following:
>
> * * *
>
>(2) Active members of the [NGFA] and nonmembers, by consent of both parties or by court order.  In the absence of a court order a case between a member and a nonmember may not be properly considered by the [NGFA] Arbitration Committee without the consent of both parties.  If the contact in dispute between a member and nonmember provides for arbitration by the [NGFA] or under its Arbitration Rules, the parties to the contract shall be deemed to have consented to arbitration under these Arbitration Rules;

**EXHIBIT 4**.

>10.   Although Howell was required to arbitrate this matter, it did not participate in the arbitration and on or about April 28, 2010, the NGFA rendered a default judgment against Howell.  A true and correct copy of the Arbitration Decision is attached hereto as **EXHIBIT 5**.

>11.   Among other things the Arbitration Decision noted:

>As it appears that Howell made a conscious decision to disregard these arbitration proceedings, pursuant to Section 5(e) of the NGFA Arbitration Rules, the National Secretary finds that the entry of default judgment against Howell is proper and warranted.

**EXHIBIT 5**.

>12.   Further, the Panel entered a judgment for Cargill against Howell in the amount of $119,412.50 plus interest at the statutory rate available for judgments.  **EXHIBIT 5**.

>13.   The Award became final on or about May 13, 2010 and on or about May 20, 2010, the NGFA posted the Arbitration Decision to its website and further noted that:

>[o]n  April 28, 2010, NGFA entered a default judgement against the defendant. The defendant was also advised that NGFA Arbitration Rule Section 5(e) sets forth the requirements and conditions under which, "[a]ny party against whom a

> default judgment has been entered under this provision may apply for vacation of the default judgment within fifteen (15) days of entry of the default judgment." In this case the defendant did not apply to vacate the default judgment pursuant to Section 5(e).

See Final Arbitration Decision, a true and correct copy of which is attached as **EXHIBIT 6**. Thus, the Award became final on or about May 13, 2010.

14. More than three (3) months have elapsed since the Award was sent to the parties and Howell has not sought to vacate the Award.

15. Further, Howell has failed or refused to pay the Award.

16. Therefore, Cargill seeks confirmation of the Award upon all grounds available to it, including without limitation, pursuant to 9 U.S.C. § 9 and Ky. Code § 417.150.

WHEREFORE, premises considered, Cargill prays:

1. That process issue upon the defendant and that he be required to answer this Complaint within the time provided by law.

2. That the Award of the arbitrators be confirmed and that Cargill be awarded a judgment against the Defendant for the same, upon which execution may issue, if necessary.

3. That all costs in this cause be taxed to the defendant.

4. That plaintiff have such other, further, and general relief to which it may be entitled.

Respectfully submitted,

/s/ Gene L. Humphreys
Gene L. Humphreys
BASS, BERRY & SIMS, PLC
150 Third Avenue South
Nashville, Tennessee  37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
ghumphreys@bassberry.com