UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11-CV-80-R

**CARGILL, INC.**                                                                                          PETITIONER

v.

**SIDNEY HOWELL,**
        d/b/a **SIDNEY HOWELL FARMS**                                                   RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court upon the Petitioner's Motion for Judgment on the Pleadings.  Docket Number ("DN") 18.  The Respondent has not filed a Response, and the time to respond has now passed.  For the following reasons the Petitioner's motion is GRANTED.

## BACKGROUND

In January and February of 2007, the Petitioner, Cargill, Inc. ("Cargill"), and the Respondent, Sidney Howell ("Howell"), entered into a number of contracts whereby Cargill agreed to buy and Howell agreed to sell certain quantities of wheat and corn.  DN 1-3.  The wheat was to be delivered in June of 2008, and Cargill would take delivery of the corn in September of the same year.  *Id.* at pp. 1, 3, 6, 9.  Each contract required Howell to deliver a specific quantity of grain and established a price that Cargill would pay for it.  *Id.*  In aggregate, Cargill contracted to pay Howell $119,750.00 for 30,000 bushels of wheat and corn.  Cargill alleges that Howell never delivered the grain.

Each contract executed by the parties contained an arbitration clause.  *Id.* at pp. 2, 4, 7, 10.  The parties agreed that in the event of a dispute:

> [T]his Contract shall be subject to the Trade Rules of the National Grain and Feed Association (NGFA), which Trade Rules are incorporated herein by reference. The parties agree that the sole forum for resolution of all disagreements or disputes between the parties arising under this Contract or relating to the

1

> formation of this Contract shall be arbitration proceedings before NGFA pursuant to NGFA Arbitration Rules. The decision and award determined by such arbitration shall be final and binding upon both parties and judgment upon the award may be entered in any court having jurisdiction thereof. Copies of the NGFA Trade and Arbitration Rules are available from Buyer upon request and are available at www.ngfa.org.

*Id.*  Because Howell failed to deliver the grain, Cargill filed a complaint with the NGFA on August 25, 2009, and sought arbitration between the parties pursuant to the terms of the contracts.  DN 1-1.  The NGFA opened the arbitration and notified Howell of the proceedings on multiple occasions.[1]  It explicitly notified Howell that failure to participate would result in a default judgment against him.  DN 1-5, p. 2.  Howell never responded or otherwise attempted to participate in the arbitration, however, and the NGFA entered a default against him on April 28, 2010.  DN 1-5.  The default awarded Cargill a judgment of $119,412.50 plus interest at the statutory rate from the date of the award until paid.  *Id.* at p. 3.  Under the NGFA arbitration rules, Howell had 15 days to vacate the default judgment but took no action to do so, and the arbitration award became final on May 13, 2010.  DN 1-6.  There is no evidence in the record showing that Howell has paid any part of the award since it was finalized.

On May 12, 2011, Cargill moved this Court to confirm the arbitration award pursuant to 9 U.S.C. § 9 and KRS § 417.150.  DN 1.  Cargill served Howell with notice of the application for confirmation, but Howell did not respond or otherwise file an Answer as required by Federal Rule of Civil Procedure 12(a)(1)(A)(i).[2]  Cargill then moved for an Entry of Default.  DN 11.  The Court ultimately denied Default and ordered Howell to file an Answer.  Order of Nov. 8, 2011, DN 15.  Howell filed his Answer on November 15, 2011.  DN 16.  On January 13, 2012, Cargill moved for Judgment on the Pleadings pursuant to Rule 12(c).  DN 18.  Howell has not

---

[1] The NGFA arbitration decision shows that the NGFA sent Howell four separate notices of the pending arbitration. These notices were sent by certified mail and FedEx delivery, and the NGFA confirmed that Howell received each notice.  DN 1-5, pp.1-2.
[2] Howell was properly served on June 6, 2011.  DN 6.

2

responded.

## STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quoting *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). While the allegations of the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[ ] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Legal conclusion and unwarranted factual inferences need not be accepted as true. *JPMorgan*, 510 F.3d at 582 (citing *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). "A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Id.* (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)).

## DISCUSSION

Cargill moves for judgment on the pleadings and asks the Court to confirm the arbitration award entered in its favor by the NGFA. Howell has not responded to this motion.

Cargill's motion to confirm the arbitration award sets out the grounds for the Court's jurisdiction, contains a short and plain statement of the claim, and demands confirmation of the $119,412.50 award. DN 1. Howell's Answer states that the amount in controversy is less than

$75,000, that he did not intend for NGFA arbitrators to decide his dispute with Cargill, and that he tried to deliver the grain in question "at a reasonable basis/selling price, Cargill in Hickman refused." DN 16.  The Court finds that, even taking the allegations in his Answer as true, the evidence submitted with Cargill's pleadings and otherwise found in the record directly contradicts Howell.  There is no material issue of fact and Cargill is clearly entitled to judgment as a matter of law.  The objections raised in Howell's Answer are without merit, and Cargill's arbitration award will be confirmed.

First, Howell claims that the amount in controversy is less than $75,000.  This is simply not true.  The contracts signed by Howell and Cargill are attached to Cargill's motion to confirm the arbitration.  DN 1-3.  These contracts set out the specific quantities of grain that Howell agreed to sell and also lists a price that Cargill agreed to pay for each bushel of grain.  Multiplying the agreed upon quantities and prices shows that the contracts, in aggregate, are valued at $119,750.  There is no merit to Howell's claim that the amount in controversy is less than $75,000.

Second, Howell argues that he never intended for the NGFA to arbitrate his contractual disputes with Cargill.  Again, the Court finds that this objection is contradicted by the record.  The contracts signed by Howell explicitly state that they represent the entirety of the agreements between the parties.  As noted at the top of the "Purchase Terms" in each contract:

> The statements below and on the reverse side are understood to be an accurate statement of the terms and conditions of the agreement between the parties hereto.  Failure to advise [Cargill] immediately of any discrepancies, objections to or disagreements with such terms and conditions shall constitute acceptance of these terms and conditions.

*Id.* at pp. 2, 4, 7, 10.  The arbitration clause follows immediately after the "entirety clause" and states in pertinent part:

> The parties agree that the sole forum for resolution of all disagreements or disputes between the parties arising under this Contract or relating to the formation of this Contract shall be arbitration proceedings before NGFA pursuant to NGFA Arbitration Rules. The decision and award determined by such arbitration shall be final and binding upon both parties and judgment upon the award may be entered in any court having jurisdiction thereof.

*Id.* In his Answer, Howell does not allege that he did not sign the contracts, that they do not represent the entirety of the agreement, or that they are ambiguous. Instead, he merely alleges that he did not intend for the NGFA to arbitrate any disputes arising between the parties. This is not enough to demonstrate the presence of a material issue of fact. "[T]he cornerstone of contract construction is to ascertain the true intentions of the parties as expressed by the contractual language. To ascertain the parties' intent, a court must adhere to the plain meaning of the contract if it is unambiguous." *La Quinta Corp. v. Heartland Props. LLC*, 603 F.3d 327, 336 (6th Cir. 2010) (citations omitted). Based on the evidence, the Court finds that the contracts are unambiguous and that Howell agreed to have any disputes arbitrated by the NGFA.

Finally, Howell claims that he attempted to deliver the grain "at a reasonable basis/selling price" but "Cargill in Hickman refused." DN 16. Again, the Court turns to the terms of the contracts signed by Howell. Each of the four contracts plainly and explicitly quotes a price per bushel that Cargill has agreed to pay Howell for the grain. DN 1-3, pp. 1, 3, 6, 9. Howell's Answer does not state that Cargill refused to pay him entirely or refused to pay the agreed upon price. Instead, he claims they Cargill would not take the grain at a "reasonable basis/selling price." Although the Court must take the statements in Howell's Answer as true, it does not have to take as true accept unwarranted factual inferences. *See JPMorgan*, 510 F.3d at 582. The Court finds that there is no material issue of fact regarding Cargill's refusal to accept the grain at issue.

The Court is aware that Howell is representing himself in this matter. Nevertheless,

when a defendant "chooses to represent himself, he should expect no special treatment which prefers him over others who are represented by attorneys." *Brock v. Hendershott*, 840 F.3d 339, 343 (6th Cir. 1988). The Court has given Howell every opportunity to appear, present evidence, and otherwise defend in this matter. The Court granted Howell nearly six months to file an Answer and denied Cargill's Motion for Entry of Default while waiting for him to do so. Cargill has now moved for Judgment on the Pleadings, and Howell has, once again, refused to respond. At this stage, the Court's hands are tied and the pleadings and evidence before it show that Cargill is clearly entitled to judgment because there are no material issue of fact. As such, Cargill's motion for judgment on the pleadings will be granted.

The final issue that the Court must address is the rate of interest that is applicable to the arbitration award. The $119.412.50 award was finalized on May 13, 2010, and the award provided that the "[i]nterest on the judgment shall accrue at the statutory rate available for judgments in the applicable jurisdiction from this date until paid in full." DN 1-6, p. 2. In its proposed order, Cargill seeks "interest at the rate of 12% from May 13, 2010." DN 18-1.

This Court previously addressed what rate of interest applies to an arbitration award in *Gen. Elec. Co. v. Anson Stamping Co., Inc.*, 426. F. Supp. 2d 579 (W.D. Ky. 2006). In general, the Court calculates interest for two separate time periods when confirming an arbitration award. The first period is the "post-award, pre-judgment" period. This period begins on the date the award is finalized by the arbitrator and ends on the day the award is reduced to a judgment by the Court. "When a federal court's jurisdiction rests upon diversity, the award of prejudgment interest is governed by state law." *Hale v. Life Ins. Co. of N. Am.*, 795 F.2d 22, 24 (6th Cir. 1986) (citing *Glens Falls Ins. V. Danville Motors, Inc.*, 333 F.2d 187 (6th Cir. 1964)). As stated in *Anson*, and as is applicable here, "the prejudgment rate to be applied in this diversity action is

determined, not by federal law, but by state law such as KRS § 360.040." *Anson*, 426 F. Supp. 2d at 597. KRS § 360.040 provides that such awards "shall bear twelve percent (12%) interest compounded annually from its date." For the present case, then, interest on Cargill's arbitration award shall be calculated daily and compounded annually at a 12% rate from May 13, 2010, until the date of this opinion and accompanying judgment.

The Court must also consider what rate of interest applies to the "post-judgment" period that begins to run after the arbitration award is confirmed. This rate of interest is governed by federal law as provided in 28 U.S.C. § 1961. Under that statute, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. The post-judgment rate of interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.* The post-judgment interest is computed daily and compounded annually. *Id.* § 1961(b). For the present case, post-judgment interest will begin accruing at a rate of 0.17% as of the date of this opinion and accompanying judgment.[3]

Finally, post-judgment interest will accrue on the amount of the arbitration award and any post-award, pre-judgment interest earned on that award. This approach of paying post-judgment interest on pre-judgment interest is well-recognized in the Sixth Circuit. *See, e.g., Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 586-87 (6th Cir. 2002) (recognizing that "postjudgment interest should be awarded on the entire amount of the judgment, including any prejudgment interest").

Cargill's arbitration award and pre-judgment interest will be awarded as follows. The

---

[3] The "weekly average 1-year constant maturity Treasury yield" is published by the Federal Reserve and may be found at http://www.federalreserve.gov/releases/h15/current/.

7

$119,412.50 arbitration award from May 13, 2010, will be confirmed. At a 12% per annum rate, the award accrued $14,329.50 in interest through May 13, 2011. This amount was compounded into the principal on May 13, 2011, for a total outstanding principle of $133,742.00. The outstanding principal earned 12% per annum interest, or $43.97 per day, up until the date of the judgment accompanying this opinion. After entry of judgment, the outstanding principle and pre-judgment interest will earn post-judgment interest at a rate of 0.17% until paid.

## CONCLUSION

For the foregoing reasons, Cargill's Motion for Judgment on the Pleadings is **GRANTED** and the arbitration award is **CONFIRMED**. An appropriate order shall issue.